Filed 4/18/25  P. v. O.F. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>O.F.,<br><br>        Defendant and Appellant. | A170797<br><br>(Contra Costa County<br>Super. Ct. No. 04-24-00067) |

After filing a notice of appeal challenging orders committing defendant O.F. to the State Department of State Hospitals (DSH) and authorizing the involuntary administration of medication (Pen. Code,[1] § 1370 et seq.), counsel filed a brief indicating there were no issues to review on appeal.  The brief, however, requested this court's independent review of the trial court record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 for arguable issues. Although this court has no obligation to independently review the record in this circumstance (*People v. Blanchard* (2019) 43 Cal.App.5th 1020), and may—in appropriate cases—rely on briefing provided by defendant's counsel as an adequate basis to dismiss the appeal on our own motion (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529), we exercised our discretion

---

[1] All statutory references are to the Penal Code.

to review the record in this case and have found no arguable issues on appeal. We affirm the challenged orders.

## PROCEEDINGS

In January 2024, defendant was charged with felony offenses including assault with a semiautomatic firearm (§ 245, subd. (b)), shooting at an unoccupied vehicle (§ 247, subd. (b)), discharge of a firearm with gross negligence (§ 246.3, subd. (a)), two counts of possession of a firearm by a felon (§ 29800, subd. (a)(1)) and threatening a public officer (§ 71). Various enhancements and prior felony convictions were also alleged.

At the arraignment, the court denied defense counsel's request to have defendant evaluated pursuant to section 1368 et seq. After a preliminary examination hearing, defendant was held to answer and charged by information with the identical charges identified in the complaint. In March 2024, defense counsel expressed a doubt about defendant's competence to stand trial, and two evaluators were appointed to evaluate defendant's ability to understand the nature of the criminal proceedings or assist counsel in the conduct of a defense in a rational manner as a result of a mental disorder. The appointment further sought opinions concerning defendant's capacity for medical decisionmaking including the capacity to make decisions regarding treatment with antipsychotic medications.

Two evaluators provided detailed reports to the court after interviewing defendant and reviewing various records.[2] The evaluators commented on the utility of psychotropic medication. In May 2024, the parties stipulated that the court would decide the issue of competency based upon the evaluators'

---

[2] The reports of Dr. Williams and Dr. Mixon have been filed under seal as confidential information and were reviewed by this court on appeal. (See Cal. Rules of Court, rule 8.47(c).)

reports. Defendant, through his attorney, objected to the commitment to the DSH. The court found by a preponderance of the evidence that defendant was unable to understand the nature and purpose of the proceedings taken against him and was unable to assist and cooperate with defense counsel in presenting a defense. Criminal proceedings remained suspended. (§ 1368 et seq.)

The court referred defendant to the Contra Costa County Conditional Release Program (CONREP) for a recommendation concerning placement of defendant. CONREP's subsequent report recommended placement at the DSH to receive competency training in a locked forensic setting. After reviewing the reports, the court committed defendant to the DSH for a period of two years.

Over defendant's further objection, the court also found by clear and convincing evidence that defendant lacks capacity to make decisions regarding antipsychotic medication, that defendant's mental disorder requires such medication, and that—if not treated with antipsychotic medication—it is probable that serious harm to the physical or mental health of the defendant and others will result.

Upon reviewing the submitted record of the case, this court finds no arguable issues.

## DISPOSITION

The orders finding O.F. incompetent to stand trial, committing him to the DSH, and authorizing the involuntary administration of medication are affirmed.

SMILEY, J.

WE CONCUR:

BANKE, ACTING P. J.

LANGHORNE WILSON, J.

A170797
*People v. O.F.*